## Case No. 3,192.

### COOPER v. DUNGLER.

[4 McLean, 257.][1]

Circuit Court, D. Ohio. July Term, 1847.

JURISDICTION—CITIZENSHIP—AFFIDAVIT TO HOLD TO BAIL.

1. An affidavit to hold to bail under the statute of Ohio, need not state that the affiant is a citizen of any other state.

2. Citizenship must be alleged in the declaration, to give jurisdiction to the circuit court, but it is never necessary to state that fact in a collateral proceeding.

[3. Since the act of congress abolishing imprisonment for debt, to the extent of its abolishment by the respective states, no process can be issued to arrest a defendant in a civil suit, except under the state law.]

[Action by George Cooper against David A. Dungler.]

Cartlee & Hulbert, for plaintiff.
Folger & Keith, for defendant.

OPINION OF THE COURT. This is a motion to release the defendant from the custody of his bail, on the ground of the insufficiency of the affidavit of the plaintiff. Since the act of congress abolishing imprisonment for debt, to the extent that the same has been abolished by the respective states, no process

[1] [Reported by Hon. John McLean, Circuit Justice.]

to arrest a defendant in a civil case, can be issued except under the state law. By the practice act of Ohio (Swan's Ed. 1841, § 3), it is provided: "If any creditor, etc., shall make an oath or affirmation in writing, etc., that there is a debt or demand justly due to such creditor, of one hundred dollars or upward, specifying, as nearly as may be, the nature and amount thereof, and establishing one or more of the following particulars, etc., 'that he has property or rights in action, which he fraudulently conceals,' etc., the clerk shall issue a capias," etc. In this case, the plaintiff made an affidavit to hold the defendant to bail, and among other things swears "that he is a resident and inhabitant of the state of New York, and that David A. Dungler, who resides in the state of Ohio, is justly indebted to him in the sum of $1,185.50, and that he has property and rights which he fraudulently conceals, and that he has disposed of his property with intent to defraud his creditors." On this, a writ of capias was ordered for his arrest.

Two objections are made to the sufficiency of the affidavit. 1st. Because it does not contain a statement by the plaintiff that he is a citizen of the state of New York, it only says he is a resident and inhabitant of that state. It is not necessary that the affidavit should contain an allegation of citizenship. Such an allegation is necessary in the declaration to give jurisdiction to the court, but it is not necessary in an affidavit to hold to bail. And the second objection is, that the affidavit does not show the said Cooper is a citizen of any other state than the state of Ohio, nor does it show that he is an alien. Such an allegation is not necessary, the jurisdiction must appear in the pleadings, but it is never necessary to state the fact on which it rests on any collateral procedure. The motion is overruled.